F I L E D
Clerk
District Court

NOV 29 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| STEVEN BROWNSTEIN d/b/a<br>STEVEN BROWNSTEIN ENTERTAINMENT,<br><br>Plaintiff,<br><br>v.<br><br>JASON H. ALDAN, FREDRICK HOLLOMAN,<br>and DOES 1–10 INCLUSIVE,<br><br>Defendants. | Case No. 1:17-CV-00005<br><br>**DECISION AND ORDER<br>GRANTING ALDAN'S<br>MOTION TO DISMISS** |

## I.    INTRODUCTION

Before the Court is Defendant Jason H. Aldan's Motion to Dismiss Plaintiff's Complaint against him (ECF No. 4). The motion is supported by a Memorandum of Points and Authorities (ECF No. 4-1). Plaintiff Steven Brownstein, d/b/a Steven Brownstein Entertainment ("Brownstein") filed an Opposition (ECF No. 5), and Aldan filed a Reply (ECF No. 6). Having carefully reviewed all the written materials, the Court finds that the motion can be decided on the papers (*see* LR 7.1(a)(2)) and, for the reasons stated herein, grants the motion and dismisses the two causes of action against Aldan without prejudice.

## II.    BACKGROUND

According to the Complaint (ECF No. 1), all parties to this diversity action are involved in the entertainment business. (Compl. ¶ 1–3.) Brownstein lives in the CNMI, Aldan lives in Hawaii, and Defendant Fredrick Holloman lives in California. (*Id.*) On or about June 2, 2015, Brownstein entered into a contract with Holloman to bring the band UB40 to perform in Saipan and Guam in early August 2015. (Compl. ¶ 12.) It was Aldan who introduced Brownstein to Holloman and "was otherwise primarily responsible for putting the UB40 deal together." (Compl. ¶ 13.)

On June 5, 2015, in reliance on express representations from Holloman, Brownstein wired $78,000.00 from his bank in Saipan to Holloman's account at a bank in San Diego. (Compl. ¶ 16; Ex. 1.) Holloman falsely represented to Holloman in writing that he would make an "Artist deposit" of $65,000 for the sole purpose of securing UB40's appearance. (Compl. ¶ 17.)

On July 20, 2015, Brownstein and Holloman entered into a new contract that changed the performance dates to mid-December. (Compl. ¶ 12.) On July 22, Brownstein wired $37,000 to Aldan's Bank of Hawaii account in Honolulu. (Comp. ¶ 18.) Aldan "represented that these funds would be used to secure the appearance of UB40 in Saipan and Guam." (*Id.*) Two days later, Aldan wired the same amount, $37,000, to Holloman in San Diego. (Compl. ¶ 19; Ex. 2.) Over the next few months, "Defendants repeatedly represented to Brownstein that the 'Artist deposit' was made and that UB40 would perform in Saipan and Guam." (Compl. ¶ 20.)

On January 26, 2016, Brownstein received an e-mail from David Shepherd of Neil O'Brien Entertainment in London asserting that a "Mr Grant" and his "associates" were in breach of contract and directing them to "cease and desist any further activity involving UB40 . . ." (Compl. ¶ 21; Ex. 3.)

On May 6, 2016, Brownstein's counsel sent a letter to Holloman demanding reimbursement of $115,000 and accusing Holloman of failing to make the Artist's deposit and causing damage to Brownstein by forcing cancellation of the concerts. (Compl. ¶ 22; Ex. 4.)

Brownstein has "communicated with Aldan regarding this matter[,]" but "Aldan has refused to provide an accounting of the funds expended by Brownstein." (Compl. ¶ 23.)

### III. PROCEDURAL POSTURE

On April 12, 2017, Brownstein brought suit in this Court against Holloman and Aldan. The Complaint alleges breach of contract by Holloman, and fraud and unjust enrichment by both

Holloman and Aldan. The Court issued summonses for both defendants, but only Aldan was served. (Return of Service, dated May 11, 2017, and filed May 22, 2017, ECF No. 2.) On August 14, Brownstein moved for more time to serve Holloman. (*Ex Parte* Motion, ECF No. 7). The Court granted an extension to September 15 and ordered counsel to file by October 25 either proof of service or a declaration of counsel reporting on Brownstein's efforts to effect service. (ECF No. 11.) No proof of service or declaration of counsel has been filed.

On July 14, 2017, Aldan filed a motion to dismiss the two claims against him for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) and for failing to plead the fraud claim with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

## IV.    LEGAL STANDARD

On a Rule 12(b)(6) motion, all well-pleaded factual allegations are taken as true. *Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir. 2010). Exhibits that the plaintiff has attached to the complaint may be considered without having to convert the motion to dismiss to a motion for summary judgment. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).

Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). Legal conclusions couched as factual allegations do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The claim to relief must contain sufficient well-pleaded facts to be "plausible on its face." *Twombly*, 550 U.S. at 570 (2007). A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The purpose of this standard is "to give fair notice and to enable the opposing party to defend itself effectively[,]" and to ensure "that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Bacca,* 652 F.3d 1202, 1216 (9th Cir.2011).

When a party alleges fraud, it must "state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). The defendant's state of mind, however, "may be alleged generally." *Id.* "Averments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.'" *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). A plaintiff must "set forth more than the neutral facts necessary to identify the transaction" and explain "what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc. (In re Glenfed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994). To avoid dismissal, the complaint "must state the time, place, and specific content of the false representation as well as the identities of the parties to the representation." *Schreiber Distributing Co. v. Sev-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986). Claims of fraud or mistake "must, in addition to pleading with particularity, also plead plausible allegations. That is, the pleading must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" *Cafasso v. Gen. Dynamics C4 Sys.,* 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly,* 550 U.S. at 556).

## V.     DISCUSSION

### a.   Fraud

Under CNMI law, a claim of fraudulent misrepresentation must plead "(1) a material, false misrepresentation by the defendant; (2) the defendant's knowledge of its falsity; (3) the defendant's

intent that the plaintiff act reasonably upon it; and (4) the plaintiff's justifiable and detrimental reliance upon the misrepresentation." *Syed v. Mobil Oil Mariana Islands, Inc.,* 2012 MP 20 ¶ 44 (N. Mar. I. 2012), 2012 WL 6738436.

The Complaint makes two allegations of misrepresentations by Aldan:

- Aldan represented to Brownstein that the $37,000 Brownstein transferred to Aldan's Bank of Hawaii account on or about July 22, 2015, "would be used to secure the appearance of UB40 in Saipan and Guam." (Compl. ¶ 18.)

- "The Defendants repeatedly represented to Brownstein that the 'Artist Deposit' was made and that UB40 would perform in Saipan and Guam." (Compl. ¶ 20.)

The first allegation is specific enough as to time to give Aldan notice, even though July 22 appears to be the approximate date of the funds transfer, not necessarily of the misrepresentation. However, it is silent as to place. Nor does it indicate whether the misrepresentation was made in a face-to-face meeting on Saipan or in Hawaii, or by telephone or e-mail or other means. The content of the misrepresentation is given, but the Complaint is devoid of any indication that Aldan knew it was false. Aldan transferred the entire sum to Holloman (Ex. 3), and it was Holloman's responsibility – the contract was with Holloman – to make the Artist's deposit. Brownstein does not allege any pecuniary or other motive that would allow the inference that Aldan knew Holloman would misuse the funds.

The second of the allegations is clearly insufficiently pled. In a fraud suit, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F. Supp. 1437, 1439 (M.D.

Fla. 1998)). In addition to aggregating the defendants, paragraph 20 the Complaint falls short of specifying time and place.

For these reasons, the Court finds that the allegations of fraud against Aldan are insufficiently plead under Rule 9(b).

### b. Unjust Enrichment

To state a claim for unjust enrichment, a party must plead facts that would show "(1) the defendant was enriched; (2) the enrichment came at the plaintiff's expense; and (3) equity and good conscience militate against permitting the defendant to retain what the plaintiff seeks to recover." *Syed,* 2012 MP 20 ¶ 41. Nowhere in the Complaint is it alleged that Aldan kept any of the funds that Brownstein transferred to him or that Aldan otherwise profited from the deal. Therefore, the unjust enrichment claim fails. And Brownstein concedes that Aldan's argument regarding this cause of action is well-taken. (Opposition 6.)

## VI.    CONCLUSION

Because fraud has not been pled with specificity and the Complaint fails to allege facts that would show Aldan was enriched, the Court GRANTS Aldan's Motion to Dismiss (ECF No. 4) and DISMISSES both claims against Aldan.

Because the Complaint has not previously been amended and amendment is not demonstrably futile, the Court will give Brownstein leave to amend as to both the fraud and the unjust enrichment claims. Aldan points out correctly that Brownstein has only requested leave to amend the unjust enrichment claim, not the fraud claim. (Reply 2.) He asserts that because Brownstein has steadfastly maintained that his Complaint as to fraud is sufficiently pled, the Court should not entertain a motion to amend the fraud claim. (Reply 7.) Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so

requires." This holds true "even if no request to amend the pleading was made, unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotation and citation omitted). Therefore, the Court will grant Brownstein leave to amend the fraud claim as well as the unjust enrichment claim.

Brownstein must file a First Amended Complaint **no later than December 13, 2017,** or Aldan will be dismissed from the case.

The November 30, 2017, motion hearing is vacated.

IT IS SO ORDERED this 29th day of November, 2017.


_____
RAMONA V. MANGLONA
Chief Judge